## Richmond

First Virginia Bank, National Association, Et Al. v. Common-
wealth of Virginia, Et Al.

November 27, 1972.

Record No. 8056.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Poff, JJ.

*John W. Riely; Guy K. Tower (Hunton, Williams, Gay & Gibson,* on brief), for appellants.

*Henry H. Whiting (Kermit L. Racey; Kuykendall, Hall & Whiting,* on brief) for appellees.

Per Curiam.

This is an appeal of right from a final order entered by the State Corporation Commission on January 28, 1972, approving an application of Old Dominion Savings and Loan Association for authority to establish a branch office in the Town of Woodstock.

In the proceedings before the Commission the appellants, First Virginia Bank, National Association, The Citizens National Bank, The Farmers Bank of Edinburg and The First National Bank of

Strasburg (the Banks) appeared as intervenors in opposition to the application. They contend in this appeal that the Commission's order is contrary to the evidence and is based upon improper grounds.

We find it unnecessary to review the evidence. As the record shows that the Commission erred in construing the applicable law, the case must be remanded for further proceedings.

The opinion of Commissioner Catterall dated March 20, 1972, held that the Old Dominion application was controlled by *Mutual Savings & Loan Ass'n v. Commonwealth*, 212 Va. 557, 186 S.E.2d 13 (1972). He incorrectly construed *Mutual* to hold that the Commission's order denying the application for a branch was reversed by us solely because it tended to promote a monopoly. Stating that the Commission had found in *Mutual* less than a scintilla of evidence that public convenience and necessity would be served by granting the application, he found that there was more evidence of need in the present case. Commissioner Hooker concurred in the result but stated that he approved the application because of the "overpowering" weight of Old Dominion's evidence. The third member of the Commission did not participate in the hearing or in the decision.

The extent to which Commissioner Catterall's misunderstanding of the effect of *Mutual* permeated the hearing over which he presided is revealed throughout the record. After Old Dominion had introduced the testimony of two witnesses Commissioner Catterall, conceding that the facts shown were no different from those established in 1965 when a similar application had been denied, held that the applicable law had been changed by *Mutual*. He further stated that it was not necessary to hear any more testimony on behalf of Old Dominion because, in view of *Mutual*, he could not refuse the application. Thereafter, so that they could not assert on appeal that they were denied due process of law, the Banks were permitted to put on evidence. The plain inference is that, under his interpretation of *Mutual*, Commissioner Catterall could give no weight to evidence introduced by the Banks after a scintilla of evidence had been introduced by Old Dominion. The conclusion is also inescapable that if he had not believed that *Mutual* changed the applicable law he would have denied the application unless Old Dominion could establish facts in addition to those found insufficient in 1965.

Under Code § 6.1-171[1] the Commission, "when satisfied that the public convenience and necessity will be served", may authorize

---

[1] Repealed by Acts of Assembly 1972, ch. 796 and reenacted as Code § 6.1-195.48.

a savings and loan association to establish a branch. On appeal we will not disturb the determination made by the Commission, unless it is contrary to the evidence or without evidence to support it. *Security Bank & Trust Co.* v. *Schoolfield Bank & Trust Co.*, 208 Va. 458, 461, 158 S.E.2d 743, 745 (1968). In *Mutual,* reaffirming this fundamental principle, we made no change in the applicable law as stated in *Security Bank & Trust Co.* After reviewing the evidence in detail we concluded that the Commission's denial of the application, a determination made without hearing all the witnesses for the intervenors, was contrary to the evidence in the record.

■ Old Dominion urges that the evidence in the present case is sufficient to support the Commission's determination, even if Commissioner Catterall misconstrued *Mutual.* We express no opinion as to the weight of the evidence. On a remand all parties will have an opportunity to introduce additional evidence without the chilling effect of premature determination resulting from misconstruction of the law. Where a decision of the Commission is based upon a mistake of law it must be reversed. *Aetna Insurance Co.* v. *Commonwealth,* 160 Va. 698, 719, 169 S.E. 859, 867 (1933). Even where the Commission has reached the right result for the wrong reason, its decision, unlike that of a trial court, will not be permitted to stand. *See SEC* v. *Chenery Corp.,* 332 U.S. 194, 196 (1947). Accordingly, the order of the Commission is reversed and the case remanded for further proceedings not inconsistent with the views expressed herein.

*Reversed and remanded.*