# Richmond

CITIZENS NATIONAL BANK, ET AL. v. COMMONWEALTH OF VIRGINIA, ET AL.

November 26, 1973.

Record No. 8273.

Present, All the Justices.

*John W. Riely; Guy K. Tower* (*Hunton, Williams, Gay & Gibson*, on brief), for appellants.

*James M. Thomson*, for appellees.

HARRISON, J., delivered the opinion of the court.

On July 27, 1972 the directors of a proposed bank, Stonewall Jackson Bank and Trust Company (hereinafter called New Bank), filed an application with the State Corporation Commission, pursuant to the provisions of Code § 6.1-13, for a certificate of authority to begin business in the town of Mount Jackson in Shenandoah County, Virginia. The Citizens National Bank, the Farmers Bank of Edinburg, the First National Bank of Strasburg and First Virginia Bank, National Association (hereinafter called Intervenors) opposed the application. Hearings were held and on January 5, 1973 the Commission found that there was a public need for additional banking facilities in the Mount Jackson area of Shenandoah County and that no existing bank would be adversely affected by the granting of the application.

The application was granted and the Intervenors are here on an appeal of right contending that the Commission erred in determining "the community where the bank is proposed to be" and that its finding is contrary to the evidence.

Shenandoah County is located in the extreme northwest section of Virginia, adjoining the state of West Virginia and the counties of Frederick, Rockingham, Page and Warren in Virginia. Its land area is 507 square miles or 324,480 acres, and its population in 1970 was 22,852. Over one-half of the county is in forest land, including a part of the George Washington National Forest. The county is divided into six magisterial districts. Its towns are located along the Valley Turnpike [now Routes 11 and I-81], which traversed the county in a general northerly-southerly direction. Allowing for some overlapping, each magisterial district is served by a town. These towns are Strasburg, Toms Brook, Woodstock, Edinburg, Mount Jackson and New Market. Mount Jackson is located in Ashby District. Six miles to the north is Edinburg in Madison District, and five miles to the south is New Market in Lee District. The other three towns are in the northern half of the county and in the other districts.

Shenandoah County now has five banks with a total of nine offices and no savings and loan associations. Mount Jackson is presently served by a branch of First Virginia Bank, N. A. In Edinburg is located the Farmers Bank of Edinburg, and the Citizens National Bank is located in New Market. In addition to its branch in Mount Jackson, First Virginia Bank, N. A. has two branches in Woodstock, ten miles from Mount Jackson, and one in Strasburg, twenty miles away. The Virginia National Bank, which is not contesting the application, also has a branch bank in Woodstock.

In 1970 there was one banking unit for every 2,539 persons in the county. The Commission found that the New Bank's primary service area would have a population of 10,281 and that this area was presently served by three banking facilities, one for every 3,427 persons. It noted that if the New Bank were authorized, the population per banking unit in the service area would be 2,570 and in line with that of the county as a whole. It commented on the "impressive" growth in total bank deposits in the county for the decade beginning in 1960 from $19,011,000 to $51,785,000, an increase of 172.4%, and on the substantial growth of the Intervenors between 1970 and 1971, their deposits having increased $8,229,201 or 17%.

The Commission noted specifically the deposit and loan figures of

the Mount Jackson branch of First Virginia Bank, N. A. and its growth in time and demand deposits from $5,738,906 in 1970 to $7,353,904 in 1972 and its growth in loans from $2,784,917 in 1970 to $4,507,924 in 1972.

In opposing the application of the New Bank the Intervenors point to the loss of population by Mount Jackson and Ashby Magisterial District during the period 1960-1970, the infinitesimal growth (eight children) in school population between 1968 and 1971 in Ashby and Lee Districts, the 11% decline in pre-school age children in the same area, and a decline of 11% in total retail sales in Mount Jackson during the period 1967-71. They also say that the growth of bank deposits in the Mount Jackson branch of the First Virginia Bank, N. A. was exceeded by the growth rates for the bank as a whole, for all banks in Shenandoah County and for all banks in Virginia.

The banks in opposition note that the population of Shenandoah has grown at a slower rate than the rest of the state during the past decade; that the per capita income is one-fifth higher in the state than in Shenandoah; and that the retail sales per capita are only 80% of the state average. The Intervenors stress the fact that the state as a whole averages approximately 4,000 persons for every existing banking office as compared to 2,539 persons per banking office in Shenandoah. They argue that no rural county has more banking offices than Shenandoah, and that the county is presently overbanked and has no need for additional banking services.

Counsel for the New Bank claims a resurgence of business activity in Shenandoah County within the past few years. Evidence was introduced to show that retail sales in the county since 1967 have increased 49% as compared to 46.6% for the state of Virginia over the same period. While there was a 43% decline in agricultural employment during 1961-71, the civilian work force of the county increased by 20%, manufacturing employment by 100% and employment in wholesale and retail trade, finance, insurance, real estate services and government all increased over 40%. The personal income of the county between 1959 and 1969 increased by 93.5%, which compared to a statewide increase of 120.8%. However, the New Bank points to the year 1969-70 rate of increase which equaled the statewide rate. Taxable income in Shenandoah County increased 240% between 1960-70 as compared with 200% for the entire state.

Among other considerations urged by the New Bank was the proposed shopping center and motel to be located in the vicinity of its

proposed banking site. It also pointed to the rapid growth and development in and around Winchester in Frederick County and Harrisonburg in Rockingham County and the "spill over" into Shenandoah which they say will inevitably occur. Evidence was introduced showing land development projects in the county such as Bryce Mountain and Mountain Run and their effect on the county's economy. Real estate transfers in Shenandoah increased by 234% in 1971.

The Commission found as a fact that individuals have subscribed for $750,000 of the capital stock in the New Bank and that this amount is sufficient to warrant its successful operation. Counsel for the New Bank represented that 75 people who either live or work in the Mount Jackson area have pledged to purchase 7,182 shares of stock in the Bank and that its advisory board is composed primarily of local Mount Jackson residents. He argues the need for an independent, locally owned, state-chartered bank since there is now only one independently owned bank in the county, the others being controlled by either a statewide merged national bank or a large holding company, and since of these five banks only one is state-chartered.

We find no merit in the contention of the Intervenors that the Commission erred in determining "the community where the bank is proposed to be". In his opinion Commissioner Bradshaw referred to the applicant's "primary service area", obviously meaning the town of Mount Jackson and the magisterial districts of Ashby, Lee and Madison. A bank will customarily serve, to the greatest degree, the population in the immediate area which surrounds that bank. However, we do not feel that "community", as used in the statute, is so restricted or delineated. It embraces not just the immediate physical area, but the area whose population would be normally served by a bank if located at a particular site. A determination of the community or service area depends upon the facts in each case—population density, topography, the proximity of other towns, the transportation system, trade patterns of the area, community of interest and numerous other factors. In Shenandoah, with its principal towns located along the same highway, and all in close proximity, any bank located in the county will serve to some extent the people of the entire county, the degree of service depending upon the efficiency of and services rendered by the bank and the efficiency of and services rendered by its competitors. It was proper for the Commission to have considered evidence that related to all of Shenandoah County rather than confining the evidence to Mount Jackson and Ashby Magisterial District.

We have here a classic example of a contested legal proceeding. Advocates of the New Bank and of the Intervenors introduced evidence and advanced arguments in support of their respective positions. The Commission has found on conflicting evidence that a case was made for additional banking facilities in the Mount Jackson area of Shenandoah County. A presumption of correctness attaches to its action, and we cannot say that its determination is without evidence to support it or is contrary to the evidence. *Farmers and Merchants* v. *Commonwealth*, 213 Va. 401, 192 S. E. 2d 744 (1972); *First Virginia Bank* v. *Commonwealth*, 213 Va. 349, 193 S. E. 2d 4 (1972); *Security Bank* v. *Schoolfield Bank*, 208 Va. 458, 158 S. E. 2d 743 (1968). In fact, the conclusion of the Commission finds support in the action of the Board of Directors of Intervenor, Citizens National Bank, in formally applying for authority from the Comptroller of the Currency to establish a branch in Mount Jackson. This application was withdrawn after the hearing on the application of the New Bank had begun. Further, there was testimony that officials of Intervenor, Farmers Bank of Edinburg, which bank has over 250 accounts and $900,000 in deposits from the Mount Jackson area, had also discussed the feasibility of locating a branch in Mount Jackson.

The order of the Commission is

*Affirmed.*