COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


LEONARD JOSEPH BRIGHTWELL, JR.

MEMORANDUM OPINION* BY
v.        Record No. 0101-06-2          JUDGE ELIZABETH A. McCLANAHAN
MARCH 27, 2007
CITY OF RICHMOND POLICE DEPARTMENT


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Malcolm Parks (Maloney, Parks, Clarke & Nathanson, P.C., on
briefs), for appellant.

Angela Fleming Gibbs (Midkiff, Muncie & Ross, P.C., on brief),
for appellee.


Leonard Joseph Brightwell (claimant) appeals a decision of the Workers' Compensation

Commission denying him an award of benefits from the City of Richmond Police Department.

For the reasons that follow, we affirm the decision of the commission.

I.  BACKGROUND

Claimant filed a claim for benefits on July 7, 1999, alleging his heart disease and/or

hypertension were occupational diseases under the Act.  Although the deputy commissioner

denied the claim, the full commission entered an award for temporary total disability benefits on

June 28, 2001.  The commission awarded payments of compensation for temporary total

disability, from July 22, 1997 through July 28, 1997, inclusive; November 13, 1998; and from

November 20, 1998 through February 2, 1999, inclusive.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On August 29, 2001, claimant filed a change-in-condition application for permanent partial disability benefits based on disfigurement associated with his surgical scarring from open-heart surgery performed in 1998.  The commission awarded permanent partial disability benefits to be paid in one sum for the period from September 20, 2001 to November 21, 2001, covering 15% disfigurement of the body.[1]

On April 28, 2003, claimant filed an application seeking temporary total disability benefits for April 1, 2003, claiming a change in condition "for time missed for medical care of [his] compensable occupational disease," namely to attend an annual physician's appointment for a stress echocardiogram to monitor his heart disease.[2]  The deputy commissioner found the claim was barred by the statute of limitations under Code § 65.2-501 since  "the claimant's application [filed April 28, 2003] was not filed within one year of the conclusion of his award for permanent partial disability benefits [on November 21, 2001]."[3]  In reaching its decision, the deputy commissioner rejected claimant's argument that the two-year statute of limitations provided for

---

[1] The commission awarded medical benefits for as long as necessary under both the original award for heart disease and/or hypertension and the permanent partial disability award for disfigurement due to surgery.  The scope and breadth of the medical benefits were not, however, placed in issue by the parties.

[2] Despite the fact that the change-in-condition application for missed work alleges the change as time missed for medical care of the compensable occupational disease, claimant consistently argued, and employer did not dispute, that the date for purposes of determining whether the statute of limitations expired was November 21, 2001, the date compensation was last due under the permanent partial disability award for disfigurement.  Neither claimant nor employer argued the last day compensation was due under the temporary total disability awards, February 2, 1999, was the triggering date for the statute of limitations.

[3] Code § 65.2-501 provides "[a]fter compensation has been paid as provided in § 65.2-503 [governing compensation for permanent loss], the employee may, within one year from the date compensation was last due under this section, file an application for compensation for incapacity to work . . . ."

in Code § 65.2-708 applied because the claimant had not undergone a "change in condition."[4]

On appeal, the commission remanded to allow claimant to present evidence as to why the stress echocardiogram was scheduled during work hours reasoning the claimant may receive benefits if it is shown that the appointment was required to be scheduled during work hours.

In the meantime, claimant filed another change-in-condition application on July 20, 2004, seeking benefits for time missed on June 29, 2004 to attend another physician's appointment. The deputy commissioner considered the issue for both appointments – April 1, 2003 and June 29, 2004. The deputy commissioner ruled, "based on the unique facts," that neither Code § 65.2-501 nor Code § 65.2-708 barred the claim because claimant's work schedule was unpredictable and he was effectively "on call" at the request of his employer. The deputy commissioner awarded temporary total disability benefits for both days.

The full commission reversed the decision of the deputy commissioner holding that claimant failed to prove entitlement to wage loss compensation for April 1, 2003. The commission found claimant was not scheduled to work on that day, there was no evidence that the employer required his presence on that day, and he did not submit a sick leave request. The commission further held because there was no compensable disability on April 1, 2003, the application for benefits for the June 29, 2004 application was time-barred under both Code § 65.2-501 and Code § 65.2-708.

_____

[4] Code § 65.2-708(A) provides, in pertinent part,

> [u]pon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded . . . . No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title . . . .

## II. ANALYSIS

Claimant argues the two-year statute of limitations under Code § 65.2-708(A) applies to his claim. Under that section, "the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded" on the ground of a "change in condition." Code § 65.2-708(A).

> Code § [65.2-708] is not a statute of limitations in the ordinary sense. It does not provide that a claimant has twenty-four months from the date the change in condition occurred to file; but instead, it provides that the change in condition must occur within twenty-four months from the date compensation was last due or paid.

Armstrong Furniture v. Elder, 4 Va. App. 238, 241, 356 S.E.2d 614, 615 (1987) (applying former Code § 65.1-99, now Code § 65.2-708).

On the other hand, the one-year limitation period of Code § 65.2-501 applies "to filing an application for additional workers' compensation benefits in a situation when the disability is at the same level both when the award begins and ends." Id. at 244, 356 S.E.2d at 617 (applying former Code § 65.1-56, now Code § 65.2-501). Under that section, a claimant is required to "file an application" for benefits "within one year from the date compensation was last due." Code § 65.2-501; see also Virginia Int'l Terms., Inc. v. Moore, 22 Va. App. 396, 402, 470 S.E.2d 574, 577 (1996) ("[t]he statute of limitations in this section does not begin to run until compensation for permanent loss was last due under Code § 65.2-503").

The claimant has the burden to prove a change in condition in order for the two-year statute of limitations, Code § 65.2-708, to apply to his claim. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (citing Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Claimant argues because he "was able to work as a policeman on March 31, 2003, and was not able to do so on April 1, 2003, while undergoing cardiac testing, [that] constitutes a 'change in condition.'" Assuming without

- 4 -

deciding claimant missed work on April 1, 2003, to attend his medical appointment, we reject his contention he proved a "change in condition."[5] The facts regarding claimant's physical condition are undisputed. Claimant does not argue his "physical condition" changed in any way after the permanent partial disability award, and we find no evidence to indicate such. Further, there is no evidence of a "progression, deterioration, or aggravation of the compensable [heart] condition" or "appearance of new or more serious features." Armstrong Furniture, 4 Va. App. at 243, 356 S.E.2d at 616 (citation and internal quotation marks omitted). Claimant does not argue he failed "to recover within the time originally predicted." Id. Claimant submitted no physician's opinion to support a change in condition that would affect his right to, amount of, or duration of compensation.

The temporary total disability awards were made for the heart disease, and the date compensation was last due for those awards was February 2, 1999. Claimant's permanent partial disability award was made for disfigurement due to surgery necessary as a result of the heart disease. Throughout the lengthy procedural history of this case, claimant and employer have argued only that the date which triggers the statute of limitations is November 21, 2001, the last date that compensation was due for the permanent partial disability award. Claimant proved no

---

[5] A "change in condition" is defined as "a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation." Code § 65.2-101(4). "These changes include 'progression, deterioration, or aggravation of the compensable condition . . . appearance of new or more serious features [and] failure to recover within the time originally predicted.'" Armstrong Furniture, 4 Va. App. at 243, 356 S.E.2d at 616 (internal citation omitted) (quoting 3 A. Larson, The Law of Workmen's Compensation § 81.31(a) (1983)). A change in condition may also include when the right to, amount of, or duration of compensation has changed. See, e.g., Mace v. Merchant's Delivery Moving & Storage, 221 Va. 401, 405, 270 S.E.2d 717, 719-20 (1980) (an attending physician's opinion concerning an employee's ability to resume work); Baskerville v. Saunders Oil Co., 1 Va. App. 188, 192-93, 336 S.E.2d 512, 514 (1985) (an employee's incarceration for a criminal act rather than his physical incapacity); Harris v. Varina Bi Rite Food Store, 71 O.W.C. 90 (1992) (change in economic conditions resulting in termination from employment when claimant was incapacitated because of his work injury from returning to his pre-injury employment).

change in condition under which compensation was earlier awarded or terminated for the permanent partial disability award. There was no change in the condition that was the subject of the permanent partial disability award – the compensation covering 15% disfigurement of the body – "which would affect the right to, amount of, or duration of compensation." Code § 65.2-101(4). The medical appointments for the stress echocardiograms were related to claimant's "occupational disease," as evidenced in claimant's "change in condition" applications, and not related to the permanent partial disability award for disfigurement. Claimant's entitlement to sick leave due to missing work for a medical appointment for a routine, stress echocardiogram was, therefore, not a "change in condition" within the meaning of the two-year statute of limitations period under Code § 65.2-708.

When a worker has not had a change in condition and is at the same disability level before and after an award, Code § 65.2-501 applies. Armstrong Furniture, 4 Va. App. at 244, 356 S.E.2d at 617 (citing Code § 65.1-56, now Code § 65.2-501). Claimant's condition was unchanged after the permanent partial disability award. At the time of the April 1, 2003 and June 29, 2004 appointments, claimant remained in the same condition as he was on November 21, 2001. Because claimant did not prove a "change in condition," the one-year statute of limitations applies to his claim. Code § 65.2-501. Under Code § 65.2-501, claimant was required to file his application within "one year from the date compensation was last due" which both parties agreed was November 21, 2001. Thus, the period for filing an additional claim ended on November 21, 2002, over five months before claimant filed his "change in condition" application for temporary total disability benefits. As a result, claimant's applications for benefits for both the April 1, 2003 and June 29, 2004 appointments were time-barred. [6]

---

[6] Although the commission reached its decision for different reasons, an appellate court may affirm the judgment of the commission when it has reached the right result for the wrong reason. Granados v. Windson Dev. Corp., 257 Va. 103, 109, 509 S.E.2d 290, 293 (1999); Mercy

Accordingly, we affirm the commission's decision.

Affirmed.

---

Tidewater Ambulance Serv. v. Carpenter, 29 Va. App. 218, 226, 511 S.E.2d 418, 421 (1999); cf. First Virginia Bank v. Commonwealth, 213 Va. 349, 351, 193 S.E.2d 4, 5-6 (1972) (applying different rule for State Corporation Commission decision).

Because of our holding on the statute of limitations issue, we need not address the remaining issues.