COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Humphreys and Senior Judge Willis
Argued at Chesapeake, Virginia


SARAH HARRISON
                                                            OPINION BY
v.        Record No. 2311-06-1              JUDGE LARRY G. ELDER
                                                            OCTOBER 23, 2007
OCEAN VIEW FISHING PIER, LLC AND
VIRGINIA ALCOHOLIC BEVERAGE CONTROL BOARD


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Norman A. Thomas, Judge

Thomas S. Carnes (Colgan & Carnes, on brief), for appellant.

Martin A. Thomas (Decker, Cardon, Thomas, Weintraub & Neskis,
P.C., on brief), for appellee Ocean View Fishing Pier, LLC.

K. Michelle Welch, Assistant Attorney General (Robert F.
McDonnell, Attorney General; Frank S. Ferguson, Deputy Attorney
General, on brief), for appellee Virginia Alcoholic Beverage
Control Board.


        Sarah Harrison appeals from a decision of the Circuit Court of Norfolk, issued pursuant

to the Administrative Process Act, Code §§ 2.2-4000 to -4031 (the APA), and ordering the

Alcoholic Beverage Control Board (the Board) to grant to the Ocean View Fishing Pier, LLC

(the Pier), two licenses permitting the sale of alcoholic beverages on its premises until 2:00 a.m.

On appeal, Harrison contends the circuit court erred in finding the Board's original decision to

issue the licenses with a 12:00 a.m. restriction to be arbitrary and capricious.  She also contends

that, in ordering the Board to grant licenses with a 2:00 a.m. restriction dictated by the court, the

court erroneously assumed a duty committed by the basic law to the Board.  In assignments of

cross-error, the Pier contends Harrison lacked standing to appeal the circuit court's ruling and

that her appeal is moot.  The Board joins in the Pier's argument on these issues, but it agrees

with Harrison's argument that the circuit court erred in ruling its issuance of the restricted licenses was arbitrary and capricious.

We hold Harrison has standing to appeal and that, on the record before us, her appeal is not moot. We further hold that the Board's imposition of restrictions on the licenses was not arbitrary and capricious and that the circuit court erred in ruling to the contrary. However, because the Board's opinion granting the restricted licenses makes no findings of fact or conclusions of law to support imposition of the restrictions, we reverse the decision of the circuit court and remand to it for remand to the Board with instructions to make findings and conclusions in compliance with the APA. Because we reverse and remand on this ground, we need not consider Harrison's claim that the form of the circuit court's ruling constituted an improper usurpation of the Board's authority to grant ABC licenses.

I. PROCEDURAL HISTORY

In September 2003, a fishing pier located in the Ocean View section of Norfolk was destroyed by a hurricane. The pier "did not have an ABC license on it" and, thus, had not been monitored by the ABC Board. After the pier was destroyed, Ronald W. Boone, Sr., a real estate developer and long-time area resident, formed the Ocean View Fishing Pier, LLC, and constructed a new pier on the same site. The new pier included a restaurant with indoor, rooftop, and patio areas. The company submitted applications for a "wine and beer on- and off-premises license and mixed beverage restaurant" license, and when area residents complained about the request for licensure, an agent from the ABC Board's Bureau of Law Enforcement Operations filed an application for a hearing on the licenses.

At an administrative hearing on October 21, 2005, the hearing officer received testimony and other evidence for and against issuance of the requested ABC licenses. Sarah Harrison, a resident and owner of property in the neighborhood, appeared "as the spokesperson for the

- 2 -

objectors." Harrison and several other area residents offered letters stating their opposition to the granting of an ABC license to the Pier, and some also offered testimony in keeping with their letters. Those letters and testimony included concern that noise emanating from the Pier and disturbances caused by alcohol consumption would disrupt the peace and tranquility of the surrounding neighborhood, negatively affecting property values and the lives of adults and children who lived near or visited the Pier. Additional witnesses testified in support of the Pier's request for an ABC license, indicating they favored having an "upscale" restaurant in the neighborhood.

The evidence also included copies of several ordinances relating to operation of the Pier passed by the Norfolk City Council. Those ordinances "granted a Special Exception to permit the operation of an entertainment establishment on the property," subject to the condition that alcoholic beverages could be sold in the indoor and outdoor portions of the restaurant from 8:00 a.m. to 2:00 a.m. and that "entertainment" in the indoor portion of the restaurant could occur during those same hours but that "[t]he hours of operation for entertainment on the outdoor portion of the restaurant shall be from 12:00 p.m. to 8:00 p.m." only.[1]

The hearing officer issued a written decision, finding (1) pursuant to Code § 4.1-222(A)(2)(b), that the Pier was not "so located that granting a license and operation thereunder by the applicant would result in violations of this title, Board regulations, or violation of the laws of the Commonwealth or local ordinances relating to peace and good order" and (2) pursuant to Code § 4.1-222(A)(2)(d), that the Pier was not "so located with respect to any residence or residential area that the operation of such place under such license will adversely

---

[1] The ordinances also indicated that "any requirements, limitations or restrictions imposed by the ABC Commission or by any provision of Virginia law upon this establishment which are more stringent than the requirements of the Special Exception shall be effective and binding."

affect real property values or substantially interfere with the usual quietude and tranquility of such residence or residential area." The hearing officer also indicated that, "[a]lthough th[ese] objection[s] [are] not substantiated, certain restrictions/conditions shall be imposed upon the licenses issued," including hours restrictions for entertainment and the serving of alcoholic beverages that matched those in the city ordinance.

Harrison requested an appeal before the ABC Board on the same issues that had been considered by the hearing officer. In argument, Harrison requested that the Board deny the ABC licenses based on those objections or, in the alternative, "restrict the hours [for those licenses] to [those] appropriate for fine dining," which she asserted would be "10:00 or 11:00 at night."

The ABC Board, in its subsequent written decision, adopted the hearing officer's findings "that the objections are not substantiated by the evidence and should be dismissed" and that the ABC licenses should be granted, but it imposed additional restrictions on the licenses. It provided that the sale of alcoholic beverages both inside and outside the restaurant must terminate nightly at 12:00 a.m., instead of 2:00 a.m. as previously set out by the hearing officer. It provided that entertainment for the indoor portion of the restaurant must also terminate nightly at 12:00 a.m., instead of at 2:00 a.m. as previously set out by the hearing officer.

The Pier filed a timely notice and petition appealing the ABC Board's decision to the Norfolk Circuit Court.[2] Harrison then filed a notice of appeal, in which she challenged the issuance of the licenses, but her appeal was not timely. In the proceedings before the Board, the Pier set out six assignments of error challenging the modification of its hours for serving alcohol,

---

[2] The Pier had previously requested rehearing or reconsideration of the ABC Board's decision requiring that alcohol sales terminate at 12:00 a.m. rather than 2:00 a.m. The Board unanimously denied the motion.

requiring that sales of alcohol terminate at 12:00 a.m. rather than 2:00 a.m.[3]  Both Harrison and the Board, via counsel, filed answers to the petition.

Sometime thereafter, the Pier and the Board reached an agreement by which the Pier sought to withdraw its appeal to the circuit court to permit "remand to the [ABC] Board for rehearing of certain matters relevant to this case with preservation of the appellee's objection and appellate rights respecting the currently existing record and any additional objections and appellate rights which may arise from the anticipated rehearing on remand."  The Pier and the ABC Board filed a joint motion to that effect.  Appellee/respondent Harrison objected to a remand.  The Board and the Pier argued that Harrison lacked standing to object to entry of the order allowing the Pier to withdraw its appeal.  The circuit court denied the Pier's motion to withdraw its appeal in order to permit a remand to the ABC Board for additional proceedings.

After a hearing at which all parties presented argument, the circuit court granted the Pier's petition and remanded the matter to the ABC Board, ordering it to issue the licenses with 2:00 a.m. restrictions for indoor and outdoor alcohol sales and indoor entertainment.  The circuit court concluded that all the Pier's assignments of error except one lacked merit but that the meritorious assignment required reversal of the Board's decision.

## II.  ANALYSIS

### A.  PRELIMINARY PROCEDURAL ISSUES

#### 1.  Harrison's Standing in the Circuit Court and this Court

The Board contends Harrison lacked standing to participate in the circuit court proceedings and to object to the joint motion of the Pier and the Board to dismiss the Pier's

---

[3] The Board also altered the hearing officer's recommendation regarding indoor entertainment, providing that indoor entertainment terminate at 12:00 a.m. rather than 2:00 a.m. The Pier challenged this change in its notice of appeal but did not assign error to the change in its subsequent petition for appeal.

appeal and remand to the Board. As a result, the Board argues the circuit court erred in denying the joint motion to dismiss and remand.[4] Further, the Pier and the Board contend, because Harrison lacked standing to participate in the proceedings before the circuit court, she also lacked standing to appeal the circuit court's decision to this Court. Based on the procedural posture of this case, viewed in light of the applicable statutes and regulations, we reject these arguments.

The Alcoholic Beverage Control Act (the ABC Act) establishes the Alcoholic Beverage Control Board (the Board) and gives it the authority, *inter alia*, to grant and revoke licenses for the sale of alcohol. Code §§ 4.1-103, 4.1-229. The Board may conduct hearings as necessary to perform its duties, Code § 4.1-103(11), and promulgate reasonable regulations to carry out the ABC Act's provisions, Code § 4.1-111(A). The ABC Act directs "[t]he Board [to] promulgate regulations that . . . [p]rescribe what hours and on what days alcoholic beverages shall not be sold by licensees or consumed on licensed premises," Code § 4.1-111(B)(1), and it expressly provides that "regulations . . . relating to hours of sale for licensees" need not "be uniform in their application," Code § 4.1-111(D); see 3 VAC 5-50-30 (setting out standard hours for off-premises sale and on-premises sale and consumption but providing that "[i]ndividual licensees whose hours have been more stringently restricted by the board shall comply with such requirements").

The Board may refuse to grant any license if it has "reasonable cause to believe," *inter alia*, that "[t]he place to be occupied by the applicant . . . [i]s so located with respect to any residence or residential area that the operation of such place under such license will adversely affect real property values or substantially interfere with the usual quietude and tranquility of

---

[4] Neither the Board nor the Pier asserts any other basis on which it contends the circuit court's denial of the motion to dismiss the appeal and remand to the Board was erroneous.

such residence or residential area." Code § 4.1-222(A)(2)(d). Also, "*[i]mplicit in the ABC Board's authority to revoke a license* under [former] Code § 4-37(A)(3)[, present Code § 4.1-229], upon reason to believe that cause exists for which the Board would have been entitled to refuse a license under [former] Code § 4-31(A)(2)(b), (c), or (d)[, present Code § 4.1-222(A)(2)(b), (c), or (d),] had the facts been known, *is the ability to exercise the lesser power to restrict the license* in accordance with the purposes of the [ABC Act]." Muse v. ABC Bd., 9 Va. App. 74, 79, 384 S.E.2d 110, 113 (1989) (emphases added). Accordingly, the Board may "exercise th[is] lesser power to restrict the license," id., where it has "reasonable cause to believe" such restrictions are necessary to avoid an "adverse[] affect [on] real property values or substantial[] interfere[nce] with the usual quietude and tranquility of such residence or residential area," Code § 4.1-222(A)(2)(d).

Pursuant to its regulatory authority, the Board has promulgated regulations permitting "[a]ny interested party who would be aggrieved by a decision of the board upon any application . . . to appear and be heard in person . . . and produce under oath evidence relevant and material to the matters in issue." 3 VAC 5-10-10; see 3 VAC 5-10-120 (defining "interested parties" as "[p]ersons who would be aggrieved by a decision of the board"); see Va. Beach Beautification Comm'n v. Bd. of Zoning Appeals, 231 Va. 415, 419-20, 344 S.E.2d 899, 902-03 (1986) (discussing meaning of "aggrieved" as involving allegation, *inter alia*, of "a denial of some personal or property right . . . different from that suffered by the public generally"). After a hearing officer renders an "initial decision," any interested party "may appeal to the board an adverse initial decision . . . of a hearing officer or a proposed decision . . . of the board." 3 VAC 5-10-240. All interested parties are entitled to notice of the Board's "final decision" and "any written opinion." 3 VAC 5-10-280.

Thereafter, pursuant to the APA, "any . . . party aggrieved by and claiming unlawfulness of a case decision . . . shall have a right to the direct review thereof by an appropriate and timely court action against the agency or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia." Code § 2.2-4026; see Rules 2A:2, 2A:4. After issuance of a "final decision of a circuit court on appeal from . . . a decision of an administrative agency," "[a]ny aggrieved party may appeal to the Court of Appeals." Code § 17.1-405; see Code § 4.1-224 (granting petitioner and Board right to appeal to Court of Appeals following circuit court review pursuant to APA).

Implicit in this regulatory structure is that a person owning a residence situated such that the granting of an ABC license may "adversely affect [that person's] real property values or substantially interfere with the usual quietude and tranquility of such residence," Code § 4.1-222, is entitled to appear before a hearing officer of the ABC Board as one claiming to be an "interested party who would be aggrieved by a decision of the board upon any application," 3 VAC 5-10-10. Also implicit in this structure is that such a person is entitled to participate in the appeals process until any and all appeals are resolved. See Code §§ 2.2-4026, 17.1-405; Rule 2A:2; 3 VAC 5-10-240; 3 VAC 5-10-280.

This is precisely what occurred in the case of Harrison's objections to the Pier's application for ABC licensure. The agency was prepared to issue the requested licenses to the Pier until it learned that Harrison and other neighboring residents objected, and it was on the basis of their objections that the agency held an administrative hearing. At this proceeding, the agency took no position on the granting of the licenses. Harrison appeared in these proceedings based on her claim and the claim of other residents that the granting of the licenses the Pier had requested would both adversely affect participating residents' real property values and substantially interfere with the usual quietude and tranquility of their residences. When the

hearing officer granted the licenses without restrictions, Harrison was a party aggrieved by the decision, see 3 VAC 5-10-120, 5-10-240, and Harrison appealed the matter to the Board without any contention from the Pier that she lacked standing to request review.

The Board reviewed Harrison's objections to issuance of the licenses without posing any question regarding her standing to assert those objections. When Harrison prevailed in part, based on the Board's imposition of a restriction prohibiting the Pier from selling alcohol or having indoor entertainment after 12:00 a.m. rather than 2:00 a.m., the Pier noted an appeal to the circuit court and named Harrison as a party in both its notice of appeal and its petition for appeal. See Code § 2.2-4026; Rules 2A:2, 2A:4. Harrison and the Board both filed answers to the Pier's petition, and neither the Pier nor the Board contended that Harrison was not a proper party to the proceedings in the circuit court.

Although Harrison did not herself file a timely appeal of the Board's decision to the circuit court, this failure resulted in a waiver only of her opportunity to challenge the underlying issuance of the ABC licenses. It did not cause Harrison to lose her interest in defending, on appeal, that aspect of the Board's decision on which she had prevailed--the imposition on the licenses of a 12:00 a.m. restriction on alcohol sales and indoor entertainment. Within the scope of defending that interest, Harrison remained a party who would be affected by any delay in the final resolution of the proceedings that would result from the requested dismissal of the appeal and remand to the Board. When the circuit court ruled against Harrison's interests by holding the Board lacked authority to impose the 12:00 a.m. restriction on alcohol sales and indoor entertainment and ordering it to issue unrestricted licenses, Harrison had a right to appeal the removal of the restrictions to the Court of Appeals pursuant to Rule 2A:5 and Code § 17.1-405. Her failure in the circuit court to note a timely appeal of the underlying issuance of the licenses prohibited her from challenging only that aspect of the decision on appeal to this Court; it did not

prevent her from challenging the circuit court's order to remove from the licenses the challenged time restrictions for alcohol sales and indoor entertainment. See Mass. Mut. Life Ins. Co. v. Ludwig, 426 U.S. 479, 480-81, 96 S. Ct. 2158, 2158, 48 L. Ed. 2d 784, 786-87 (1976); cf. Robinson v. Robinson, 46 Va. App. 652, 671, 621 S.E.2d 147, 156-57 (2005) (en banc) (holding that party challenging equitable distribution award need not assign error to otherwise favorable spousal support award to preserve ability of trial court to reconsider spousal support award based on reversal of equitable distribution).

Whether Harrison ultimately proves to the satisfaction of the agency, or the court on review, that the granting of the ABC licenses will "adversely affect [her] real property values or substantially interfere with the usual quietude and tranquility of [her] residence" does not control the issue of her standing to litigate the issue.

### 2. Mootness of Appeal

The Pier and the Board also contend Harrison's appeal is moot. They assert that, upon remand from the circuit court, the Board issued new licenses with 2:00 a.m. provisions pursuant to the circuit court's order and that Harrison failed to appeal that issuance. Thus, they contend, any decision in this appeal will not affect the new case decision and is moot.

Under settled principles, it is our duty "'to decide actual controversies *by a judgment which can be carried into effect*, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Potts v. Mathieson Alkali Works, 165 Va. 196, 225, 181 S.E. 521, 533 (1935) (quoting Mills v. Green, 159 U.S. 651, 653, 16 S. Ct. 132, 133, 40 L. Ed. 293, 293-94 (1895)) (emphasis added). Harrison's appeal is not moot under this standard because a decision in Harrison's favor will result in "'a judgment which can be carried into effect.'" Id. (quoting Mills, 159 U.S. at 653, 16 S. Ct. at 133, 40 L. Ed. at 293-94). A decision in Harrison's favor will

nullify the circuit court decision, which served as the basis for the Board's subsequent issuance of any ABC licenses, thereby also nullifying those licenses. Cf. Robinson, 46 Va. App. at 671, 621 S.E.2d at 156-57. Thus, we hold the appeal is not moot, and we proceed to examine it on the merits.

### B. MERITS

The Board found "reasonable cause to believe that the objections are not substantiated by the evidence and should be dismissed" and ordered that the ABC licenses "should be granted." [5] Despite this rejection of the objections to licensure, the Board imposed additional restrictions on the licenses, including the restriction that indoor entertainment and indoor and outdoor alcohol sales must cease at 12:00 a.m. rather than 2:00 a.m. The circuit court held the Board's statement that the objections were not substantiated by the evidence was in irreconcilable conflict with the Board's imposition of restrictions and that this inconsistency rendered the Board's ruling arbitrary and capricious.

In this appeal, Harrison, joined by the Board, contends the circuit court's ruling finding an inconsistency was erroneous. She argues the circuit court found substantial evidence in the record to support a 2:00 a.m. or a 12:00 a.m. restriction on alcohol and entertainment and, thus, that the Board, separate and apart from its decision that the objections did not justify complete denial of the requested licenses, properly exercised its authority to impose reasonable restrictions on the licenses. Harrison requests, in the event we conclude the Board's order was deficient, that we remand to the circuit court "for remand to the Board with instructions to consider whether, upon the existing evidentiary record, restrictions on the subject licenses as to hours of operation are appropriate."

---

[5] The licenses included those restrictions already imposed by the City of Norfolk, as previously mentioned, but did not impose any additional restrictions.

The Pier disputes the circuit court's ruling can be interpreted to include a finding that substantial evidence in the record supported the restrictions. The Pier contends, however, that even if the circuit court did make such a finding, that finding was erroneous. It also contends the circuit court erred in finding a causal nexus between the restrictions imposed and the situs of the establishment. Finally, the Pier contends the circuit court properly ruled the Board's imposition of restrictions on the licenses was arbitrary and capricious.

We agree with the argument of Harrison and the Board. The Board's finding that the objections to issuance of the licenses were not substantiated did not render arbitrary and capricious the Board's decision to impose additional restrictions on the licenses, especially in light of the circuit court's finding that substantial evidence in the record supported the restrictions imposed. However, because the Board made no findings of fact to support its imposition of restrictions on the licenses, we remand the case to the Board for further proceedings consistent with this opinion.

The APA expressly provides that an agency's case decision "shall . . . briefly state . . . the findings, conclusions, reasons, or basis therefor upon the evidence presented by the record and relevant to the basic law under which the agency is operating *together with* the appropriate order, license, grant of benefits, sanction, relief, or denial thereof." Code § 2.2-4020 (emphasis added). On appeal of a case decision, issues subject to judicial review include:

> (ii) compliance with statutory authority . . . or right as provided in the basic laws as to . . . the factual showing respecting violations or entitlement in connection with case decisions, (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact.

Code § 2.2-4027.

In the context of factual issues, Code § 2.2-4027 mandates that the court "take due account of the presumption of official regularity, the experience and specialized competence of

the agency, and the purposes of the basic law under which the agency has acted." See

Johnston-Willis Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988) (decided under

former Code § 9-6.14:17). "This heightened deference acknowledges an agency's "'expert

discretion [in] matters coming within its cognizance and [allows] judicial interference . . . only

for relief against arbitrary or capricious action that constitutes a clear abuse of the delegated

discretion."'" Envtl. Defense Fund, Inc. v. State Water Control Bd., 15 Va. App. 271, 277, 422

S.E.2d 608, 611 (1992) (quoting ABC Comm'n v. York Street Inn, Inc., 220 Va. 310, 315, 257

S.E.2d 851, 855 (1979) (quoting Schmidt v. Bd. of Adjustment, 88 A.2d 607, 615-16 (N.J.

1952))). "In accordance with familiar principles of appellate review, 'we review the facts in the

light most favorable to sustaining the Board's action.'" Goad v. Bd. of Med., 40 Va. App. 621,

634, 580 S.E.2d 494, 501 (2003) (quoting Atkinson v. ABC Comm'n, 1 Va. App. 172, 176, 336

S.E.2d 527, 530 (1985)).

"In contrast, judicial review of a 'legal issue' requires 'little deference,' unless it . . .

'falls within an agency's area of particular expertise.'" Envtl. Defense Fund, 15 Va. App. at 278,

422 S.E.2d at 612 (quoting Kenley, 6 Va. App. at 243-46, 369 S.E.2d at 8). This principle

"recognizes the 'special competence' of the judiciary to decide issues of 'common law,'

'constitutional law' or 'statutory interpretation,' distinct from 'findings of fact.'" Id. (quoting

Kenley, 6 Va. App. at 243-46, 369 S.E.2d at 8).

1. Circuit Court Ruling and Evidence Supporting Imposition of Restrictions

Contrary to the argument of the Pier, we hold the circuit court's explanation, as a whole,

constitutes a finding by the circuit court that the agency record, viewed in the light most

favorable to Harrison and the other objectors, contained substantial evidence to support the

12:00 a.m. restriction on alcohol sales. It does not constitute a ruling limited, as the Pier

contends, to the conclusion that the record supported only the unrestricted grant or denial of the

licenses.  In response to the Pier's assignment of error number 2, "that the Board's *restriction* of the applicant's license to hours of operation for the sale of alcoholic beverages *to 12 midnight* was in error because the decision was unsupported by substantial evidence in the agency record," the court noted the record contained "conflicting evidence" and specifically found "*that the Board could have made a decision going either way on this record.*"  (Emphases added).

### 2.  Relationship Between Board's Stated Findings and Imposition of Restrictions

The Pier nevertheless contends that, even if the Board could have issued restricted licenses on the evidence presented and the circuit court so found, the Board's decision was fatally flawed because it "could not hold that the Objectors had failed to prove their case and then arbitrarily restrict the hours of sale."  We disagree.  We hold the circuit court erred in ruling that the Board's findings and conclusions were in irreconcilable conflict such that imposition of the restrictions was arbitrary and capricious.

A reasonable construction of the Board's decision, which "dismissed" the objections to the granting of the licenses but imposed hours restrictions on the licenses without articulating an explanation for those restrictions, is that the Board held the objections did not justify outright denial of the licenses but did justify the time restrictions imposed.  Thus, the Board's decision to issue the restricted licenses was not arbitrary and capricious, and the circuit court erred in ruling to the contrary.

### 3.  Necessity of Findings by Board to Support Imposition of Restrictions

Nevertheless, in order to support the imposition of restrictions on the licenses, the APA required the Board to "briefly state . . . the findings, conclusions, reasons, or basis [for the restrictions] upon the evidence presented by the record and relevant to the basic law under which the agency is operating."  Code § 2.2-4020.  Failure to make such findings is not harmless error:

> [A] simple but fundamental rule of administrative law . . . is to the
> effect that a reviewing court, in dealing with a determination or

judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which [the legislature] has set aside exclusively for the administrative agency.

[A]n important corollary of the foregoing rule . . . [is:] If the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive.

SEC v. Chenery Corp., 332 U.S. 194, 196-97, 67 S. Ct. 1575, 1577-78, 91 L. Ed. 1995, 1999 (1947), cited with approval in First Va. Bank v. Commonwealth, 213 Va. 349, 351, 193 S.E.2d 4, 5-6 (1972) (noting holding that "where the [State Corporation] Commission has reached the right result for the wrong reason, its decision, unlike that of a trial court, will not be permitted to stand"); cf. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 384, 363 S.E.2d 433, 438 (1987) (holding, under judicial review provisions of Workers' Compensation Act, that "[i]n order to sufficiently scrutinize any award, we must have an adequate 'statement of the findings of fact, rulings of law and other matters pertinent to the questions at issue' for a proper review" (quoting former Code § 65.1-97)).

Where a case decision is found "not to be in accordance with law under § 2.2-4027, the court shall suspend or set it aside and remand the matter to the agency for further proceedings, if any, as the court may permit or direct in accordance with law." Code § 2.2-4029. This case decision was not in accordance with law under Code § 2.2-4027 because the Board, by failing to make findings of fact to support the restrictions as required by Code § 2.2-4020, failed to "observ[e] . . . required procedure" in a way that, in light of Chenery, was not "mere harmless error," Code § 2.2-4027. Thus, pursuant to Code § 2.2-4029, we remand to the circuit court to

- 15 -

remand to the Board with instructions to "briefly state . . . the findings, conclusions, reasons, or basis [for the restrictions] upon the evidence presented by the record and relevant to the basic law under which the agency is operating." Code § 2.2-4020; see also Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983) (recognizing principle that, even where remand is not expressly authorized, appellate jurisdiction includes implicit authority to remand to agency for additional findings and conclusions "absent a specific mandate to the contrary"). We do not consider, prior to remand, whether the evidence in the record is sufficient to support the restrictions.

C. REMEDY

Because we reverse the circuit court's decision on the merits and remand to the Board for additional proceedings, we need not consider whether, as Harrison and the Board allege, the form of the circuit court's ruling constituted an improper usurpation of the Board's authority to grant ABC licenses.

III.

For these reasons, we reverse the circuit court's ruling and remand to the circuit court for remand to the Board with instructions to comply with the requirements of the Administrative Process Act concerning the necessity of findings and conclusions to support its decision regarding the licenses.

Reversed and remanded with instructions.