## CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax County
School Board

v.

Judicial Watch, Inc.

January 4, 2016

Case No. CL-2015-14395

BY JUDGE RANDY I. BELLOWS

This case presents an issue of first impression associated with the Virginia Freedom of Information Act ("FOIA"), specifically, does the language of Va. Code § 2.2-3704(H) which states a "public body may, before continuing to process the [Virginia Freedom of Information Act] request, require the requester to agree to payment of a deposit . . ." mean the public body may require actual payment, or is a mere agreement to pay all that is required by statute? For the reasons stated below, the Court concludes that, when read in context, the phrase "agree to payment of a deposit" means the public body may require actual payment of a deposit prior to processing a FOIA request. Therefore, Plaintiff's Motion for Reconsideration is granted.

### Facts and Proceedings

This case arises from certain requests made under FOIA. On April 27, April 29, and May 5, 2015, Judicial Watch, Inc., made seven requests for information from Fairfax County Public Schools ("FCPS" or "Plaintiff") under FOIA. The requests included, among other things, all email and text communications from October 1, 2014, through May 5, 2015, between all School Board members and Division Superintendent Karen Garza, other

FCPS administrators and human resources staff, members and staff of the U.S. Congress, members and staff of the Virginia General Assembly, and several other entities, which pertain to "School Board Policy 1450 (Nondiscrimination), transgender, gender equality, and/or same sex marriage."

On May 4, May 6, and May 12, the School Board's FOIA officer Brandynn Reaves responded to Judicial Watch's FOIA requests of April 27, April 29, and May 5. In the May 12 letter, Reaves advised that the cost for the collective requests would be $562.32. Citing Va. Code § 2.2-3704(H), FCPS requested advanced payment prior to processing the requests. In an email dated August 21, 2015, Judicial Watch confirmed its intention to pay the $562.32 cost associated with processing the seven FOIA requests. Judicial Watch, however, did not actually submit a check for the full amount until October 8, 2015.

Upon receipt of the October 8 payment, Reaves conducted a search for the requested emails, which generated 2,264 responsive documents. Reaves and one part-time assistant then reviewed and redacted the emails, then organized them into groups responsive to the categories that Judicial Watch requested. On October 27, FCPS provided 1,933 pages of responsive non-exempt documents to Judicial Watch. While reviewing the initial 2,264 responsive documents, Reaves noticed some emails were not complete conversation threads. Therefore, she directed a second search that identified another 9,002 emails and was returned to her on October 23. Of those 9,002 emails, approximately 2,000 were deemed responsive to the FOIA requests and then required review, redaction, and organization into categories.

Because the parties failed to come to an agreement on a timeline for producing the requested documents, FCPS filed a Petition for Additional Time to Respond to FOIA Requests on October 30, 2015, naming Judicial Watch as Defendant. FCPS sought a court order, pursuant to Va. Code § 2.2-3704(C), extending the deadline for producing documents to the close of business on November 6, 2015. Judicial Watch opposed the petition.

At the hearing held on November 6, 2015, the Court ruled against FCPS, interpreting the language of Va. Code § 2.2-3704(H) to mean that, once Judicial Watch sent notice on August 21 that it agreed to pay the $562.32 costs associated with producing the request, the clock began to run on FCPS's time to respond. In other words, the Court ruled the FCPS's production obligation under FOIA began on August 21, 2015, not on October 8, 2015, when Judicial Watch actually paid the money. Therefore, the Court held that FCPS's petition was untimely and denied it. FCPS subsequently filed a Motion for Reconsideration and presented the Court with substantial additional authority for the position that FCPS was not obligated to process Judicial Watch's FOIA request until Judicial Watch actually paid the $562.32 sought by FCPS. The Court requested Judicial

Watch to file its position with respect to FCPS's Motion for Reconsideration and, after receiving it, took the matter under advisement.

Having now considered the additional authority provided by FCPS, and in light of the canons of statutory construction, the Court has determined that its ruling at the November 6, 2015, hearing was in error and, therefore, grants FCPS's motion for reconsideration

## Analysis

The Virginia Freedom of Information Act, found at Va. Code § 2.2-3700 *et seq.*, outlines the procedure by which members of the public can obtain information from public bodies, and lays out the timeline for the public body to comply with the request. At issue in this case is Va. Code § 2.2-3704(H), which states in relevant part:

> In any case where a public body determines in advance that charges for producing the requested records are likely to exceed $200, the public body may, before continuing to process the request, require the requester to agree to payment of a deposit not to exceed the amount of the advance determination. The deposit shall be credited toward the final cost of supplying the requested records. The period within which the public body shall respond under this section shall be tolled for the amount of time that elapses between notice of the advance determination and the response of the requester.

*Id.*

The question before the Court is whether "agree to payment of a deposit" means that a requester need only make a promise to pay, rather than actual payment. The answer to the question lies with the canons of statutory construction. In Virginia, "[t]he primary objective of statutory construction is to ascertain and give effect to legislative intent." *Commonwealth. v. Zamani*, 256 Va. 391, 395 (1998) (citing *Turner v. Commonwealth*, 226 Va. 456, 459 (1983)). Therefore, "[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction." *Id.*

While there is a clear preference for adopting the "plain meaning" of a law, one cannot look only at the plain meaning of a particular phrase in a statute. "A cardinal rule of statutory construction is that a statute be construed from its four corners and not by singling out a particular word or phrase." *Commonwealth Natural Res. v. Commonwealth*, 219 Va. 529, 536 (1978); see also *Virginia Elec. & Power Co. v. Citizens for Safe Power*, 222 Va. 866, 869 (1981) ("a statute is not to be construed by singling out a particular phrase"). A statute must be read in its entirety and the plain meaning taken from an understanding of the language as a whole. *White*

*Dog Publ., Inc. v. Culpeper Cnty. Bd. of Supervisors,* 272 Va. 377, 386 (2006).

Based on the authority presented to the Court in Plaintiff's Motion for Reconsideration, it is clear that Virginia's canons of statutory construction require the language in question to be interpreted in the context of Va. Code § 2.2-3704(H) as a whole. Taken in context, the Court finds the phrase "agree to payment" to mean actual payment of a deposit.

Va. Code § 2.2-3704(H) states that a public body may require a requester to agree to payment of a deposit prior to beginning to fulfill a request for documents whose cost exceeds $200. Considered by itself, the phrase "agree to payment of a deposit" suggests that actual payment is not required. However, the next sentence of the statute reads, "The deposit shall be credited toward the final cost of supplying the requested records." As the Plaintiff states in its Motion for Reconsideration, *Black's Law Dictionary* defines a "deposit" as "[t]he act of giving money or other property to another who promises to preserve it or to use it and return it in kind." *Black's Law Dictionary* (8th ed. 2004). Thus, the next sentence requiring the deposit be credited toward final cost supports the conclusion that the legislature intended for advance payment to be made. Simply put, a deposit cannot be credited toward the final cost if it has not been paid at all.

FCPS argues, persuasively, that an interpretation of "agree to payment" as merely a promise to pay would not accomplish the statute's clear intent of ensuring the public body has the funds necessary to process a large FOIA request. A requester's promise to pay, however sincere, is not the same as the public body having the funds in hand. For example, a requester could agree to pay but then change his mind, or find that he does not have the resources to pay, or incur other financial obligations that must be given a higher priority. To require the public body to incur the cost of producing the requested documents with no guarantee that the promised money would ever actually materialize would not be consistent with the overall intent behind Va. Code § 2.2-3704(H).

To be clear, the issue before the Court is not whether this particular requester, Judicial Watch, actually intended to pay the deposit when it promised to pay the deposit. The Court has no doubt that Judicial Watch fully intended to pay the deposit when it promised to pay the deposit. (Indeed, it fulfilled that promise on October 8 when it paid the requested sum of money.) That is not the issue; rather, the issue is whether, as a matter of statutory construction, the statute should be read as merely requiring a promise to pay that may or may not ever be fulfilled. Given the purpose of the statutory requirement, and given the subsequent sentence crediting a deposit toward the final cost of production, the Court finds that "agree

to payment," as that phrase is used in Va. Code § 2.2-3704(H), means actual payment. Therefore, the Court finds FCPS had the right to wait until Judicial Watch paid the $562.32 on October 8, 2015, before beginning to process the FOIA requests.

Additionally, the Court is persuaded by FCPS's argument that the Virginia Attorney General has long taken the position that a public body can require advance payment and the General Assembly, which has amended the statute several times in the intervening years, has not sought to take a contrary position. When the Virginia General Assembly passes or amends a law, "it is presumed to act with full knowledge of the law as it stands. . . ." *School Bd. of Stonewall Dist. v. Patterson*, 111 Va. 482, 487-88 (1910). The legislature is presumed to know how an existing statute has been interpreted and, if such interpretation is longstanding and the legislature does not object by amending the law, the interpretation is one that should be adopted by the Court. *Smith v. Bryan*, 100 Va. 199, 204 (1902) ("[T] he practical construction given to a statute by public officials and acted upon by the people . . . in cases of doubt, will be regarded as decisive. It is allowed the same effect as a course of judicial decision. . . . [I]n the absence of legislation evincing a dissent, the courts will adopt that construction.").

As FCPS notes, the Virginia Attorney General issued an opinion in 1979 interpreting an earlier version of the FOIA statute to mean a public body may require advance payment. Pl. Ex. 3. Moreover, the VFOIA Advisory Council has consistently followed this same interpretation with respect to the current Va. Code § 2.2-3704(H). Pl. Exs. 4-6. The General Assembly has amended Va. Code § 2.2-3700 *et seq.* numerous times since the 1979 Attorney General opinion and the intervening VFOIA Advisory Council opinions, but the General Assembly has not changed the language of Va. Code § 2.2-3704(H). Since the legislature is presumed to know of the Attorney General's interpretation and the VFOIA Advisory Council's interpretation on which the public has relied, the Court must draw the conclusion that it is the appropriate construction.

The Court also finds, contrary to Judicial Watch's position, that the instant matter is not moot. Judicial Watch's mootness argument is based on the fact that FOIA production was to be completed on November 6, 2015, which was the same day as the hearing. The Court finds this case is an exception to the mootness doctrine and thus proper for adjudication.

The Court's authority is limited to rendering judgment on "actual controversies;" it is not permitted to issue advisory opinions or decide moot questions. *Harrison v. Ocean View Fishing Pier, L.L.C.*, 50 Va. App. 556, 570 (2007). See also U.S. Const., Art. III, § 2. A case is moot and, therefore, not justiciable "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). However, a case is not moot if it is "capable

of repetition, yet evading review." *Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980).

The issue presented in this case is one such exception to the mootness doctrine. Interpretation of the language in Va. Code § 2.2-3704(H) would evade review in the future if a public body were forced to process a FOIA request during the pendency of an agreement to pay. For example, if merely the agreement to pay triggered a public body's obligation to produce documents, then the public body would have to produce the requested documents within the five days mandated by statute, with an extra seven if the public body invoked the extension permitted by Va. Code § 2.2-3704(B)(4). Thus, one can readily imagine a situation in which the public body is forced to produce documents within the short timeframe mandated by law based on the promise of payment, but without actually receiving payment of any kind. Any action brought to court would then be moot if the public body had already complied with the request within the statutory time period. Therefore, the issue presented in this case is not moot because it is capable of repetition, yet evading review in the future.

Nor is the Court persuaded by Judicial Watch's argument that the matter ought not to be decided by the Court because FCPS did not incur a penalty for completing the FOIA request later than requested. FCPS had a right by statute to seek additional time and the Court's authority to grant or deny the request does not turn on whether FCPS incurred or faced a penalty for noncompliance.

## Conclusion

Since the sole basis for denying the petition was the Court's interpretation of the "agree to payment" language in the statute, which the Court has now reconsidered and since the Court stated in its prior ruling that it did not "have any issue at all with the efforts made by the school system after they received the deposit on or about October 8," the Court finds it is proper to grant FCPS's Motion for Reconsideration, vacate its prior order, and allow the additional time sought by FCPS to respond to the FOIA request.

For the reasons stated above, the Court finds the "agree to payment" language of Va. Code § 2.2-3704(H) means a public body may require actual payment of a deposit prior to processing a FOIA request. The plaintiff's motion is, therefore, granted.